## THE PRINCETON BANK v. CROZER & MOORE.

1. Shares of stock in a bank, or other incorporated company, are not bound by the delivery of a *fi. fa.* against their owner to the sheriff, but may be transferred before an actual levy.

2. It is not a sufficient levy on stock to make an inventory of it, and return it with the *fi. fa.* but to bind it, the sheriff must go to some proper officer of the company (and it would seem to the defendant also) and give notice of the levy ; nor would the delivery of a *fi. fa.*, or making a levy by inventory bind *bank notes.* Of such property the officer must take actual or constructive possession.

Argued before NEVIUS and OGDEN, Justices.

Justice OGDEN delivered the opinion of the court.

This controversy originated in the court for the trial of small causes.

Crozer and Moore prosecuted the Princeton Bank, before Samuel Evans, esquire, a justice of the peace in the county of Mercer, to recover from them certain semi-annual dividends, that had been declared upon six shares of the capital stock of the bank, from the 1st of November, 1845, to the 1st of May, 1847, both inclusive.

The justice rendered a judgment in favor of the plaintiffs for the amount of the dividends. The bank appealed to the Court of Common Pleas, and, upon a re-trial, that court also rendered judgment against them.

This *certiorari* is brought to reverse the judgment of the Court of Common Pleas.

A state of facts, agreed upon by the parties compresses the question in dispute within a small compass.

It appears by it, that Henry Clow, of Princeton, on or before the twelfth day of April, 1845, owned six shares of the

stock of the Princeton Bank, on each of which the sum of thirty dollars had been paid.

That, in the term of March, 1845, of the Mercer county Circuit Court, one Richard Warren had recovered against Clow a judgment for $641.54, and that an execution was issued thereon against his goods and chattels, lands and tenements, and was delivered to the sheriff on the 5th day of April, 1845 ; that, on the 12th of April, a levy was made by the sheriff on the real and personal property of the defendant, Clow, and an inventory thereof made, and annexed to the execution, and returned with it, in which inventory is, among other things, the following description : " six shares capital stock of the Princeton Bank, value $30 per share."

" That a short time after the date of the levy, a sale was duly made, by the sheriff, of the property of the defendant, and that the six shares of stock in question were purchased by the said Richard Warren, for $25 a share, and a receipt for the amount was given by him to the sheriff, on account of the said execution ; and that a notice in writing was subsequently given by the said Warren to the bank, not to pay the dividends to Crozer & Moore."

It was also agreed that no notice of the levy or of the sale was given to the cashier of the bank, until some time after a transfer of the shares had been made by Clow to Crozer & Moore.

It does not appear in the case, whether the sale by the sheriff took place before or after the said transfer.

The foregoing facts exhibit the ground upon which the bank relied, in refusing to pay over the dividends to Crozer & Moore.

The case also shows, " that Crozer & Moore's claim to the stock and to the dividends in question arose in this wise : One of the firm, before the 10th of May, 1845, called at the bank, having in his possession a certificate for six shares of their stock in favor of Henry Clow, and inquired of the cashier, if the stock was clear, and could be transferred. The cashier examined, and found no lien against it on the part of the bank ; and not having *then* received notice or information, in *any*

*way,* that there was any bar to its being legally transferred by Clow, responding accordingly ; that shortly after this, and on the 10th of May, 1845, Henry Clow appeared in person at the bank, and transferred, upon the transfer book thereof, to Crozer & Moore six shares of the capital stock of the bank ; and on the same day the cashier issued a certificate for the same to the said Crozer & Moore."

" It was agreed between the parties, that if, upon the foregoing state of the case, this court shall be of opinion that the levy was insufficient, and the plaintiffs below were entitled to recover, then the judgment of the Court of Common Pleas shall be affirmed ; but if the court shall be of opinion that the levy was sufficient, and the plaintiffs were not entitled to recover, then the judgment shall be reversed."

It will be readily perceived that the case turns upon the point, whether Warren, in virtue of his execution against Clow, and of the proceedings thereon by the sheriff, acquired such a lien upon, and right to the stock, as should in law prevail against the transfer made by Clow to Crozer & Moore.

In New Jersey, that species of property was first subjected to levy upon an execution at common law, by an act of the legislature, passed on the 9th of March, 1842, entitled, " An act to abolish imprisonment for debt."

It is enacted, in the fifth section, that any share or interest of a defendant in any bank, insurance company, or other joint stock company, that is or may be incorporated under the authority of this state, may be taken and sold under the writ of *fi. fa.,* in the same manner as in the case of goods and chattels.

In the sixth section it is provided, that if the person having the charge of the books of any such company be shown the writ by an officer, he shall be bound to give to the officer a true certificate of the number of shares or amount of interest held by a defendant in such company.

How did the sheriff *take* the stock in this instance ?

He did not go to the banking house to make a levy, and there, under the authority of the act, obtain a certificate, or notify any officer of the institution that he claimed to have a

lien on those shares. He did not inform the defendant in execution that he had levied upon his stock, or seek a delivery over of his certificate, but he simply entered " six shares of the stock " upon his inventory, and made a return thereof with the execution.

Could that act constitute a sufficient levy upon the stock ?

My opinion is, that it could not. Stock is an intangible right or property, the shares being distinguishable from each other, *only*, by their respective owners. A certificate is usually issued by the company, showing the number of shares held by a person, and the amount paid thereon, which paper is recognized in mercantile transactions as evidence of the property it represents, and is surrendered when a transfer or sale is made.

Although the strictness of some of the rules of common law respecting levies upon goods and chattels has been relaxed in this state by courts considering defendants in execution as agents or storekeepers of the sheriff, yet neither the reason for such lenity, nor its practicability, can be applied to property of this nature.

· The interests of justice demand that levies should have *sufficient certainty* and *publicity*, and that, for the purposes of a sale and consequent delivery, the officer should have the property *actually* or *constructively* under his control.

In cases like that now under examination, public policy and commercial convenience plainly require that the officer should inform a defendant, if within his jurisdiction, that he takes his stock under the writ ; also, that he should go to the office of the company, and, by giving notice of his execution there to some officer, and requiring a certificate, as secured to him by the fifth section of the act, he should obtain a control over the shares, and should demonstrate his intention from that time forward to appropriate them, in obedience to the command of his writ.

Without such ostensible and certain appropriation of the property, an inventory and return should not sufficiently indicate a levy upon this species of effects. They might lead to great losses and to frauds, and materially embarrass the sales and tranfers of stock.

Such would not be a *taking* of the property, within either the letter or the spirit of the act.

The Revised Statutes of 1846 make bank notes belonging to a defendant in execution liable to be taken upon a *fi. fa.*

Would an officer make a sufficient levy upon a one hundred dollar bank bill, so as to hold it against a transferee of the debtor, by an inventory and return, the money remaining in the debtor's possession subject to his control? Such a doctrine could not be gravely insisted on.

In the case before us, the sheriff having omitted to do those acts which were requisite to make his levy sufficient, I am of opinion that Crozer & Moore were entitled to recover the dividends declared upon the six shares of stock, after their purchase of them from Clow.

Let the judgment of the Common Pleas be affirmed, with costs.

CITED *in Caldwell* v. *Fifield*, 4 *Zab.* 161.